1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANDRE KAEFUNN McCLINTON,                    No.  2:23-cv-0379 DB P

12                   Plaintiff,

13           v.                                    ORDER

14    ROBERT ST. ANDRE, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants violated his First Amendment rights by banning a

19   book that plaintiff wrote.  Presently before the court is plaintiff's motion to proceed in forma

20   pauperis (ECF No. 2.) and his complaint (ECF No. 1) for screening.  For the reasons set forth

21   below, the undersigned will grant the motion to proceed in forma pauperis and give plaintiff the

22   option to proceed with the complaint as screened or file an amended complaint.

23                                  **IN FORMA PAUPERS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

25   § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

26          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

27   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

<strong>SCREENING</strong>

### I.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

1    550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2    allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4    doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5          The Civil Rights Act under which this action was filed provides as follows:

6              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the deprivation
7              of any rights, privileges, or immunities secured by the Constitution .
               . . shall be liable to the party injured in an action at law, suit in equity,
8              or other proper proceeding for redress.

9    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

11   <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

12   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

14   omits to perform an act which he is legally required to do that causes the deprivation of which

15   complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

16          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

17   their employees under a theory of respondeat superior and, therefore, when a named defendant

18   holds a supervisorial position, the causal link between him and the claimed constitutional

19   violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

20   <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

21   concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

22   <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

23   **II.     Allegations in the Complaint**

24          Plaintiff states the events giving rise to the claim occurred while he was a California

25   Department of Corrections and Rehabilitation ("CDCR") inmate incarcerated at High Desert State

26   Prison ("HDSP").  (ECF No. 1 at 1.)  He has identified the following individuals as defendants:

27   (1) Robert St. Andre, HDSP warden; (2) Howard Mosley, CDCR associate director; (3) T. Thor,

28   ////

3

1  HDSP correctional staff member; (4) M. Brown, HDSP correctional captain; (5) M. Harrod,

2  HDSP warden designee; and (6) Ralph Diaz, CDCR Secretary.  (Id. at 1-4.)

3         Plaintiff states that on September 22, 2022, he received a "stopped mail notice" informing

4  him that an incoming book, that he had written, was considered contraband under California Code

5  of Regulations, title 15 § 3006(c)(1)[1] based on excerpts from pages 83, 85, and 124.  Plaintiff

6  further alleges that the book, entitled "YARD LIFE" had been sent back and forth between

7  plaintiff and his publisher without any problem and the cited pages did not pose a threat to

8  security.

9         **III.    Does Plaintiff State a Claim under § 1983?**

10               **A.  Legal Standards – First Amendment**

11        A prison inmate "retains those First Amendment rights that are not inconsistent with his

12  status as a prisoner or with the legitimate penological objectives of the corrections system. Thus,

13  challenges to prison restrictions that are asserted to inhibit First Amendment interests must be

14  analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody

15  and care the prisoner has been committed in accordance with due process of law." Pell v.

16  Procunier, 417 U.S. 817, 822 (1974).

17        A prison may adopt regulations which impinge on a prisoner's First Amendment rights

18  provided the regulations are "reasonably related to legitimate penological interests." Turner v.

19  Safley, 482 U.S. 78, 89 (1987).  When considering prison regulations regarding incoming

20  publications, "[s]ome content regulation is permissible in the prison context." McCabe v. Arave,

21  827 F.2d 634, 638 (9th Cir. 1987); see Beard v. Banks, 548 U.S. 521, 531-32 (2006) (discussing

22  Turner factors as applied to regulation restricting access to newspapers, magazines, and

23  photographs).

24        To state a claim an inmate must allege facts showing that "the type of activity he engaged

25  in was protected under the [F]irst [A]mendment and that the state impermissibly infringed on his

26  _____

27  [1] California Code of Regulations, title 15, § 3006(a)(1) provides in relevant part that "inmates
   shall not possess . . . any matter which contains or concerns . . . Any matter of a character tending
   to incite murder; arson; riot; or any form of violence or physical harm to any person, or any

28  ethnic, gender, racial, religious, or other group."

1    right to engage in the protected activity."  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).

2    Factors relevant in determining whether a prison regulation affecting a constitutional right

3    withstands a challenge are: (1) "whether the regulation has a valid, rational connection to a

4    legitimate governmental interest; (2) whether alternative means are open to inmates to exercise

5    the asserted right; (3) what impact an accommodation of the right would have on guards and

6    inmates and prison resources; and (4) whether there are ready alternatives to the regulation."

7    Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

8              **B.  Analysis**

9         Plaintiff does not challenge the CDCR regulation cited by prison officials in refusing to

10   allow plaintiff to receive a copy of his manuscript in the mail and in banning his book.  Rather, he

11   alleges that his manuscript was improperly banned because it did not violate the applicable

12   regulation.

13        Plaintiff states that defendants Mosley, Thor, Brown, and Harrod made decisions

14   preventing him from receiving his book via the mail and were responsible for his book ending up

15   on the list of banned books even though the pages cited do not contain information that would

16   pose a threat to safety or security.  (ECF No. 1 at 5-6.)  Such allegations are minimally sufficient

17   to state a First Amendment claim against these defendants.  See Ramsey v. Corronado, No. 22-cv-

18   1859 MMA (WVG), 2023 WL 3637042, at *4 (S.D. Cal. May 24, 2023).

19        Plaintiff alleges that supervisory defendants St. Andre and Diaz were responsible for the

20   alleged violation of his rights based on their position as supervisors.  Such allegations are

21   insufficient to state a claim.  See Bland v. J. Jennings, No. 2:20-cv-1165 DMC P, 2021 WL

22   3129193, at *3 (E.D. Cal. July 23, 2021) (finding allegation that prison officials deemed

23   photographs contraband in violation of § 3006 of Title 15 of the California Code of Regulations

24   failed to state a claim against supervisory defendants because plaintiff failed to allege "what

25   conduct they took to contribute to a constitutional violation" nor had he "alleged the existence or

26   implementation of a policy which contributed to a constitutional violation").  Government

27   officials may not be held liable for the actions of their subordinates under a theory of respondeat

28   superior.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (stating vicarious liability is inapplicable in

                                                    5

1    Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

2    liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has

3    violated the Constitution through his own individual actions by linking each named individual

4    with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

5    Id. at 676.

6            Accordingly, plaintiff will be given the option to proceed immediately against defendants

7    Mosley, Thor, Brown, and Harrod or to file an amended complaint.

8                                    **AMENDING THE COMPLAINT**

9            As set forth above, the allegations are sufficient to state a claim against some, but not all

10   of the defendants.  Plaintiff is advised that in an amended complaint he must clearly identify each

11   defendant and the action that defendant took that violated his constitutional rights.  The court is

12   not required to review exhibits to determine what plaintiff's charging allegations are as to each

13   named defendant.  The charging allegations must be set forth in the amended complaint, so

14   defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not

15   provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain

16   statement of each claim.  See Fed. R. Civ. P. 8(a).

17           Any amended complaint must show the federal court has jurisdiction, the action is brought

18   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

19   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

20   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

21   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

22   of a constitutional right if he does an act, participates in another's act or omits to perform an act

23   he is legally required to do that causes the alleged deprivation).

24           In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

25   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

26   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

27   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

28   ////

1       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

2  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

3  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

4  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

5  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

6  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

7  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

8       An amended complaint must be complete in itself without reference to any prior pleading.

9  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

10  Any amended complaint should contain all of the allegations related to his claim in this action.  If

11  plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

12  complaint.

13       By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

14  has evidentiary support for his allegations, and for violation of this rule the court may impose

15  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

16  **CONCLUSION**

17       For the reasons set forth above, IT IS HEREBY ORDERED that:

18       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

19       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22  Director of the California Department of Corrections and Rehabilitation filed concurrently

23  herewith.

24       3.  Plaintiff's complaint (ECF No. 1) states a potentially cognizable First Amendment

25  claim against defendants Mosley, Thor, Brown, and Harrod as set forth in Section III above.

26       The complaint does not contain any additional cognizable claims.  Accordingly, plaintiff

27  will have the option to proceed with the complaint as screened or amend the complaint.

28  ////

4.  Within thirty (30) days from the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  September 8, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/mccl0379.scrn

1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                       FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9      ANDRE KAEFUNN McCLINTON,              No.  2:23-cv-00379 DB P

10                      Plaintiff,

11          v.                               NOTICE OF ELECTION

12     ROBERT ST. ANDRE, et al.,

13                      Defendants.

14

15
       Check one:
16
       _____   Plaintiff wants to proceed immediately on his First Amendment claim against defendants
17
               Mosley, Thor, Brown, and Harrod.  Plaintiff understands that by going forward without
18
               amending the complaint he is voluntarily dismissing all other claims.
19

20
       _____   Plaintiff wants to amend the complaint.
21

22
       DATED:_____
23

24                                                     _____
                                                       Andre Kaefunn McClinton
25                                                     Plaintiff pro se

26

27

28
                                              9