UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANDRE KAEFUNN MCCLINTON, | No. 2:23-cv-0379 DB P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ROBERT ST. ANDRE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action under 42 U.S.C. §1983. On screening plaintiff's complaint, this court found plaintiff stated minimally sufficient First Amendment claims against defendants Mosley, Thor, Brown, and Harrod. This court further found that plaintiff did not state cognizable claims against the supervisory defendants St. Andre and Diaz. (ECF No. 9.) Plaintiff was given the option of proceeding on his First Amendment claims against defendants Mosely, Thor, Brown, and Harrod or amending his complaint. He was ordered to file a notice informing the court which option he chose.

Plaintiff recently filed the notice of election. (ECF No. 15.) Plaintiff states that he wishes to amend his complaint and notifies the court that he filed a first amended complaint in September 2023. At the time this court issued its screening order, it had not been made aware

////

1

that plaintiff had filed a first amended complaint. Accordingly, herein, this court will screen that complaint.

## SCREENING

### I. Legal Standards for §1983 Claims

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### II. First Amended Complaint

In his first amended complaint, plaintiff alleges the same general facts he alleged in his original complaint. Plaintiff alleges that on September 22, 2022, he received a "stopped mail notice" informing him that an incoming book that he had written was considered contraband based on excerpts from three pages. Plaintiff further alleges that the book, entitled "YARD LIFE" had been sent back and forth between plaintiff and his publisher without any problem and the cited pages did not pose a threat to security.

In his original complaint, plaintiff specifically described the actions four defendants took that, he claims, violated his First Amendment rights. (See ECF No. 1 at 5-6.) This court found plaintiff had stated minimally sufficient claims against those defendants: Mosley, Thor, Brown, and Harrod. This court further found that plaintiff's allegations were insufficient to state claims against defendants St. Andre and Diaz.

In his first amended complaint, plaintiff fails to describe the actions taken by each defendant. Instead of discussing what each defendant did, plaintiff simply states that

"defendants" took certain actions.  These broad allegations are insufficient to state a claim against any of the defendants.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff must allege facts showing what each defendant did that deprived him of his rights.  Monell, 436 U.S. 658.  Plaintiff will be permitted to file an amended complaint to attempt to allege a claim against each defendant.  Below this court reiterates the legals standards and the instructions provided to plaintiff with the first screening order.  Plaintiff should carefully review these standards and instructions when preparing an amended complaint.

**III.     Legal Standards for First Amendment Claims**

A prison inmate "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.  Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." Pell v. Procunier, 417 U.S. 817, 822 (1974).

A prison may adopt regulations which impinge on a prisoner's First Amendment rights provided the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).  When considering prison regulations regarding incoming publications, "[s]ome content regulation is permissible in the prison context." McCabe v. Arave, 827 F.2d 634, 638 (9th Cir. 1987); see Beard v. Banks, 548 U.S. 521, 531-32 (2006) (discussing Turner factors as applied to regulation restricting access to newspapers, magazines, and photographs).

To state a claim an inmate must allege facts showing that "the type of activity he engaged in was protected under the [F]irst [A]mendment and that the state impermissibly infringed on his right to engage in the protected activity." Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).

Factors relevant in determining whether a prison regulation affecting a constitutional right withstands a challenge are: (1) "whether the regulation has a valid, rational connection to a legitimate governmental interest; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact an accommodation of the right would have on guards and inmates and prison resources; and (4) whether there are ready alternatives to the regulation." Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

### IV. Instructions for Amending the First Amended Complaint

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against a defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, this court finds plaintiff has failed to state any potentially cognizable claims against any of the defendants. The first amended complaint will be dismissed and plaintiff will be given the opportunity to file a second amended complaint.

Accordingly, IT IS HEREBY ORDERED that

1. The first amended complaint (ECF No. 7) is dismissed with leave to amend;
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

////

////

////

////

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: March 29, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/mccl0379.FAC scrn LTA